**Not for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| RALPH E. PARKER | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:05-191-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the *pro se* petitioner's letter [Record No. 3] which the Court construes as a motion requesting a stay of this action and his motion [Record No. 4] to proceed *in forma pauperis*.

On April 19, 2005, Ralph E Parker, who is currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky, filed a *pro se* Motion to Establish Jurisdiction, which the Court liberally construed to be petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241. Parker did not, however, pay the district court filing fee of $5.00 or submit a motion for leave to proceed *in forma pauperis*. Therefore, the Court issued a Deficiency Order, putting Parker on notice of the financial deficiency as well as the lack of clarity of the claims he was asserting, and his failure to state whether he had exhausted remedies available to him in state court or in the Bureau of Prisons administrative system.

Parker filed a timely response to the Order. However, after reviewing this matter, the Court must conclude that Parker is not entitled to either item of relief he has requested. Regarding the

filing fee, he has submitted a motion to proceed *in forma pauperis* and a certificate of inmate account [Record No. 5], the latter of which reveals that over the preceding six-month period, while the Petitioner's living costs have been paid by United States taxpayers, he has maintained a balance of $151.22 in his inmate account.  Under 28 U.S.C. §1915(e)(2),

> [T]he court shall dismiss the case at any time if the court determines that--
> (A)     the allegation of poverty is untrue; or
> (B)     the action or appeal--
>     (i)     is frivolous or malicious;
>     (ii)     fails to state a claim on which relief may be granted; or
>     (iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2).  Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate money to pay the filing fee.  *See Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974); *Shimabuku v. Britton*, 357 F. Supp. 825 (D. Kan. 1973), *aff'd* 503 F.2d 38 (10th Cir. 1974).  Proceeding *in forma pauperis* is a privilege, not a right.  *See Shobe v. People of the State of California*, 362 F.2d 545 (9th Cir. 1966), *cert. denied*, 385 U.S. 887 (1966).

Because the Petitioner has sufficient funds to pay the $5.00 filing fee, his motion to proceed *in forma pauperis* will be denied.  Under the above-quoted statute, dismissal is mandatory if the Court finds the applicant is not a pauper, and this Court now finds that, based on the financial information herein, Parker is not a pauper unable to pay the $5.00 filing fee.

Additionally, in his letter/motion, the Petitioner admits that his "administrative and state court remedies have not been exhausted," and so he seeks a stay until exhaustion has been accomplished.  Parker is not entitled to this relief.  Exhaustion is a pre-filing requirement, not a step to be accomplished during the pendency of a lawsuit.  *See Gonzalez v. United States*, 959 F.2d 211,

212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'") Moreover, exhaustion of administrative remedies should be implemented to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

In the Court's earlier Deficiency Order, Parker was directed to clarify the nature of his action. Copies of the documents exchanged in the process of exhaustion would have supplied a record for the Court whereby the claims would be clarified. However, Parker did not exhaust, and so under federal jurisprudence, a stay is not appropriate. His cause must be dismissed, without prejudice to his bringing another action at a later time, after he has exhausted available administrative remedies.

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Petitioner's motion to proceed *in forma pauperis* [Record No. 4] is **DENIED.**

(2) The Petitioner's letter [Record No. 3], **CONSTRUED** as a motion for a stay, is **DENIED.**

(3) This action is **DISMISSED**, without prejudice.

This 13th day of May, 2005.



**Signed By:**
*Danny C. Reeves*  DCR
**United States District Judge**